UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RILEY J. CISSNE and LORA L. CISSNE, husband and wife, dba CISSNE FARMS; CISSNE FAMILY, LLC, a Washington limited liability company; and TATER TIME POTATO CO., LLC, a Washington limited liability company,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CHS, INC., a Washington corporation; and FIN-AG, INC., a Washington corporation,<br><br>                    Defendants. | NO. CV-06-100-LRS<br><br>(Bankruptcy Case No. 05-00509-JAR11; Adversary No. 05-80212-JAR)<br><br>**ORDER APPROVING PLAINTIFF'S MOTION FOR WITHDRAWAL OF REFERENCE** |

BEFORE THE COURT is Plaintiffs' Motion for Order Accepting Bankruptcy Court's Findings of Fact, Conclusions of Law, and Recommendation for Withdrawal of Reference (Ct. Rec. 3) filed April 25, 2006; and Defendants' Objection to Plaintiffs' Motion (Ct. Rec. 6), filed June 21, 2006.  Plaintiffs request that this Court accept the Bankruptcy Court judge's findings and recommendation for withdrawal of reference of adversary proceeding entered on April 10, 2006.  See Ct. Rec. 1-1.  The basis for the proposed withdrawal is that the action in question is non

ORDER ~ 1

core and arose under state law, but is otherwise related to a case under Title 11, and, further, that a demand for jury trial has been made by plaintiffs.

Defendants object to plaintiffs' motion arguing that there is no basis that proceedings before this Court will be "simpler" than proceeding before the state court. Specifically, defendants argue that some of the parties to the state court action will not be involved in the district court proceedings. Further, defendants assert that the state court has familiarity with the history of these proceedings.

The district court may withdraw in whole or in part any case or proceeding referred to the bankruptcy judges of its district and may do so on its own motion or on the timely motion of any party, for cause shown. Title 28 U.S.C. § 157(d). A district court, however, abuses its discretion by withdrawing a reference to bankruptcy court without cause. *In re Canter*, 299 F.3d 1150 (9th Cir. 2002).

The circumstances that constitute "cause" for withdrawal are not enumerated in the Bankruptcy Code. *See, e.g., In re Leedy Mortg. Co., Inc.*, 62 B.R. 303, 306 (E.D. Pa. 1986) ("Cause is not defined in the Act. Courts employ a factor analysis to determine whether cause exists."). Courts, however, have held that cause for withdrawal exists where, among other things, a proceeding is non-core and a defendant has properly demanded a jury trial. *See e.g., NDEP Corp. v. Handl-It. Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D.Del. 1996). The core/non-core distinction is an important factor in determining whether cause to withdraw the reference exists because a bankruptcy court lacks the authority to enter final judgments in non-core proceedings. 29 U.S.C. §

ORDER ~ 2

157(c)(1); *Piombo Corp. v. Castlerock Properties* (*In re Castlerock Properties*), 781 F.2d 159, 161 (9th Cir.1986) (noting differences in bankruptcy judge's powers in core and noncore matters).

Other factors that courts typically consider include "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168(3d Cir. 1990).

This Court should withdraw the reference of this adversary proceeding because: (I) it involves non-core matters pursuant to 28 U.S.C. § 157(b) and Plaintiffs have asserted their Seventh Amendment right to a jury trial in their Complaint against Defendants filed on December 1, 2005; and (ii) the goal of judicial economy would be promoted by such a withdrawal. Thus, because the bankruptcy court lacks authority to enter final judgments in this non-core proceeding, cause exists for withdrawal of the reference. Further this Court agrees that judicial efficiency is enhanced by withdrawing the reference because non-core issues predominate; the claims against defendants do not depend on Title 11; and doing so will likely expedite the bankruptcy process.

After considering the papers submitted by the parties, the files and records herein and being otherwise fully advised,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Order Accepting Bankruptcy Court's Findings of Fact, Conclusions of Law, and Recommendation for Withdrawal of Reference (Ct. Rec. 3) filed April 25, 2006, is **GRANTED**.

ORDER ~ 3

2.  This court **GRANTS** permissive withdrawal of the bankruptcy court's reference to adversary proceeding No. A05-80212-JAR.

3.  The Clerk of the Bankruptcy Court shall transmit the bankruptcy file for A05-80212-JAR to the District Court Executive.

4.  Pursuant to 28 U.S.C. 636(c), the parties shall be afforded an opportunity to consent in writing for referral to a MAGISTRATE JUDGE for trial.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel and the Clerk of the Bankruptcy Court.

**DATED** this ___28th___ day of June, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER ~ 4