UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RILEY J. CISSNE and LORA L. CISSNE, husband and wife, dba CISSNE FARMS; CISSNE FAMILY, LLC, a Washington limited liability company; TERRY R. CISSNE; CISSTAR L.L.C.; and TATER TIME POTATO CO., LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CHS, INC., a Washington corporation; and FIN-AG, INC., a Washington corporation,<br><br>Defendants. | NO. CV-06-100-LRS<br><br>(Bankruptcy Case No. 05-00509-JAR11; Adversary No. 05-80212-JAR)<br><br>**ORDER RE MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

BEFORE THE COURT were the following motions: 1) Defendants' Motion for Partial Summary Judgment Dismissing Crop Damage/Onion Trespass Claims (**Ct. Rec. 29**); 2) Defendants' Motion for Partial Summary Judgment Dismissing Illegal Tying/Consumer Protection Act Claims (**Ct. Rec. 43**); 3) Defendants' Motion for Partial Summary Judgment Dismissing Breach of Contract/Consumer Protection Act Claims (**Ct. Rec. 50**); 4) Defendants' Motion for Partial Summary Judgment Dismissing Claims Related to Alleged

ORDER ~ 1

Failure to Maintain (**Ct. Rec. 58**); 5) Defendants' Motion for Partial Summary Judgment Dismissing Pesticide Misapplication/Equipment Damage Claims (**Ct. Rec. 64**); 6) Plaintiffs' Motion for Partial Summary Judgment Re Illegal Tying/Consumer Protection Act Violations (**Ct. Rec. 70**); and 7) Defendants' Motion to Strike Objections in Support of Motion (**Ct. Rec. 144**). A hearing was held June 7, 2007 in Yakima, Washington. James Danielson participated on behalf of the Plaintiffs; Michael Tabler participated on behalf of Defendants. The Court having considered the oral and written argument of counsel, enters this Order to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment Dismissing Crop Damage/Onion Trespass Claims, **Ct. Rec. 29**, filed April 4, 2007 is **DENIED in part** and **GRANTED in part**. The Court found at the hearing that genuine issues of material fact exist as to the cause of damage to the 2003 potato crops and the 2003 onion crops at issue in this case. Plaintiffs may proceed with the claims asserted for potato and onion crop damage.

As to the trespass claim, the Court finds that the undisputed facts preclude a finding of trespass under RCW 4.24.630. Most notably, the undisputed facts indicate that Defendant CHS did not know, or have reason to know, that it lacked authorization to so act, i.e., enter portions of Plaintiffs' fields to apply crop related products. The evidence is also undisputed that Defendant CHS did not have any intention of committing acts otherwise proscribed by the trespass statute.

2. Defendants' Motion for Partial Summary Judgment Dismissing Illegal Tying/Consumer Protection Act Claims, **Ct. Rec. 43**, filed April

ORDER ~ 2

10, 2007 is **GRANTED**. Plaintiffs state an illegal per se tying arrangement was created by Defendant Fin-Ag's requiring Plaintiffs to purchase agricultural chemicals from Cenex, an entity affiliated with Fin-Ag, as a condition of the loan(s) made to Plaintiffs. Plaintiffs argue that an April 12, 2002 memorandum included an "understanding" that all crop inputs would be provided and delivered by CHS. No such understanding, however, was included in the terms of the agricultural security agreement and promissory note signed by all Plaintiffs.

The Court finds no illegal tying arrangement under the per se rule or the rule of reason analysis based on the evidence presented by Plaintiffs. As outlined by the Supreme Court in *Jefferson Parish*,[1] *Eastman Kodak*,[2] and other leading tying cases, the per se standard of tying requires proof of four basic elements: first, that the purportedly tied and tying items entail separate products or services and are not simply integral components of some larger product or service; second, that the availability of the tying item has been conditioned upon purchase, rental, or license of the tied item or on not dealing with the defendant's competitors in the market for the tied item; third, that the party imposing the tie has sufficient market power in the market for the tying item to "appreciably restrain free competition" in the tied market;

---

[1] *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 17-18, 104 S. Ct. 1551 (1984).

[2] *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 461-62, 112 S. Ct. 2072 (1992).

ORDER ~ 3

and fourth, that a "not insubstantial" amount of commerce in the tied item is affected by the arrangement.

Under the per se standard upon which reasonable minds would not differ the evidence indicates Plaintiffs have failed to satisfy the second and third of the tying elements. The undisputed facts indicate that Mr. Cissne was not compelled to purchase the crop products in order to obtain the desired tying product or service (agricultural financing). Plaintiff Cissne simply did not want to look for financing elsewhere. Proof of coercion fails by admitting that he [Riley Cissne] was aware of his option to apply for agricultural financing elsewhere. Although Plaintiffs argue they were having financial problems and could not obtain financing elsewhere, Mr. Cissne's declaration states he did not even try to obtain financing elsewhere. According to Mr. Cissne's declaration:

> Applying for agricultural financing is a burdensome, time-consuming, paper-intensive process involving the disclosure of my sensitive, private financial matters. I had neither the time not the patience to go through this process any more than absolutely necessary and therefore was disinclined to switch agricultural lenders.

Cissne Declaration, Ct. Rec. 76, 2007, ¶6.

Where the buyer is expressly and realistically free to buy elsewhere, the absence of a tie is readily demonstrated. See, e.g., *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1159, 2003-1 Trade Cas. (CCH) P 74029, 56 Fed. R. Serv. 3d 1201 (9th Cir. 2003) (the plaintiff failed to raise a triable jury issue that a gas utility tied noninterruptible gas transportation service to interruptible service by allegedly threatening to increase the cost of interruptible service to customers who failed to buy noninterruptible service from it, where no evidence was

ORDER ~ 4

presented that any such threat to customers was actually made and customer testimony established, if anything, that customers simply preferred the defendant's service as a "better value" than what the plaintiff was offering. "Essential to . . . a tying claim is proof that the seller coerced a buyer to purchase the tied product. (*citation omitted*). A **plaintiff must present evidence that the defendant went beyond persuasion and coerced or forced its customer to buy the tied product in order to obtain the tying product**."). [Emphasis added.]

Additionally, Plaintiff Cissne continued to buy the alleged tied items (agricultural chemicals) during 2004 from Cenex after knowing in January 2004 that further financing by Defendant Fin-Ag had been denied. Moreover, Plaintiffs, during this time period, were purchasing chemicals/crop inputs from other suppliers (potential competitors of Cenex) according to Plaintiffs' bankruptcy petition and original bankruptcy plan.  Ct. Rec. 98, Exhs. A and B.

When tested under the rule of reason, a challenge to a tying arrangement requires a determination of the relevant market and of the seller's share of that market. Sherman Anti-Trust Act, § 1, 15 U.S.C.A. § 1.

Under the rule of reason analysis, plaintiffs must demonstrate that defendant's alleged conduct had an impact on competition in the relevant market. In *DeVoto v. Pacific Fid. Life Ins. Co.*, 618 F.2d 1340, 1344-45 (9th Cir. 1980), the Ninth Circuit stated that a crucial aspect of a plaintiff's case under the rule of reason is a demonstration that the alleged conduct of the defendant had some market impact. Plaintiffs have

ORDER ~ 5

failed to demonstrate any impact on the relevant market for the claims in this lawsuit.

The claim under the federal antitrust laws (Sherman Act) for an illegal tying arrangement is dismissed with prejudice. Similarly, the related Washington Consumer Protection Act claim is also dismissed with prejudice based on the finding that no illegal tying arrangement can be proven from the admissible evidence before the Court.

3. Defendants' Motion for Partial Summary Judgment Dismissing Breach of Contract/Consumer Protection Act Claims, **Ct. Rec. 50**, filed April 12, 2007 is **GRANTED**. The Court found that terms of an allegedly enforceable oral contract were not reasonably clear, nor could Plaintiffs provide a meaning of its terms by custom or usage. The undisputed evidence does not support an oral contract having terms that are determinable by reference to any defined standard. The "best price" is hardly a term, condition or price that is clear and straight-forward. According to deposition testimony, Plaintiffs allege the "best price" oral contract was made in 1999. See Deposition of Riley Cissne, Ct. Rec. 56, page 8, line 5. Based on this representation, the claim for breach of oral contract is also barred by Washington's three-year statute of limitations for oral contracts under RCW 4.16.080(3) and dismissal of this claim is proper.

The undisputed facts in this case demonstrate Plaintiffs' inability to satisfy the required five elements set forth in *Hangman Ridge Training Stables, Inc. Et al. v. Safeco Title Insurance Company*, 105 Wn.2d 778, 719 (1986). The Washington Consumer Protection Act claim is dismissed with prejudice.

ORDER ~ 6

4. Defendants' Motion for Partial Summary Judgment Dismissing Claims Related to Alleged Failure to Maintain Application Records, **Ct. Rec. 58**, filed April 16, 2007 is **GRANTED** for the reasons stated on the record. The claims related to the alleged failure to maintain application records are dismissed with prejudice.

5. Defendants' Motion for Partial Summary Judgment Dismissing Pesticide Misapplication/Equipment Damage Claims, **Ct. Rec. 64**, filed April 16, 2007 is **GRANTED in part** and **DENIED in part**. The Court finds that a genuine issue of fact exists with respect to whether pesticide, namely Gramoxone, was improperly applied and if so, whether this was the cause of the damage to the potatoes in storage at issue. Further, there is a question of fact whether a reasonable person would have discovered the damaged potatoes before Mr. Cissne purportedly did. Plaintiffs may proceed with the claim asserted for pesticide misapplication.

As to the equipment damage claim, the Court finds the bailment was gratuitous. The undisputed facts do not indicate CHS acted with gross negligence or gross carelessness. Rather, Plaintiffs failure to move the equipment from storage after notice to remove was given was the cause of any damage they now complain of. Even assuming inability to move the equipment within the time required by Defendant, the Plaintiff did nothing thereafter to secure his property or mitigate his damages. The Court therefore dismisses the claim for equipment damages with prejudice.

6. Plaintiffs' Motion for Partial Summary Judgment Re Illegal Tying/Consumer Protection Act Violations, **Ct. Rec. 70**, filed April 16, 2007 is **DENIED** for the reasons discussed above in paragraph 2 and on the record at the time of argument.

ORDER ~ 7

7. Defendants' Motion to Strike Objections in Support of Motion, **Ct. Rec. 144**, filed on May 11, 2007 is **GRANTED in part and DENIED** in part. Defendants contend the Court should strike the Declaration of Dr. Duft (expert report) arguing there are material inconsistencies between the declaration and his deposition primarily concerning his assessment of Defendant Fin-Ag's market power. Defendants also move to strike the Duft declaration because he is not an expert on illegal tying and does not qualify as an expert pursuant to Federal Rules of Evidence Rule 702.

The Court recognizes that a party may not create his own issue of fact by an affidavit contradicting deposition testimony. The Court finds the challenged inconsistencies go to the credibility of the witness's statements and the weight to be given to the testimony, not the admissibility of his testimony. The Court acknowledges that Dr. Duft is not an expert on illegal tying and will strike any statements that purport to be expert testimony regarding legal conclusions about illegal tying arrangements. The Court refrains from striking the Duft declaration in its entirety as requested by Defendants.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel and the Clerk of the Bankruptcy Court.

**DATED** this ___15th___ day of June, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER ~ 8