Michael Rex Tabler, WSBA #6047  
Schultheis Tabler Wallace  
56 C Street N.W.  
P.O. Box 876  
Ephrata, Washington 98823  
(509) 754-5264

THE HONORABLE LONNY R. SUKO

FILED IN THE  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF WASHINGTON  

JUL 17 2007  

JAMES R LARSEN, CLERK  
_____ DEPUTY  
YAKIMA, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RILEY J. CISSNE and LORA L. CISSNE, husband and wife, d/b/a CISSNE FARMS; CISSNE FAMILY, LLC, a Washington limited liability company; TATER TIME POTATO CO., LLC, a Washington limited liability company; TERRY R. CISSNE, a married man; and, CISSTAR, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CHS INC., a Washington corporation; and, FIN-AG, INC., a Washington corporation, <br><br> Defendants | No. CV-06-100-LRS <br><br> JUDGMENT IN A CIVIL CASE |

THIS MATTER having come before the court on the stipulation and agreement of Plaintiffs, Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, and

JUDGMENT IN A CIVIL CASE - 1  
P:\Kim\CLIENTS\FIN-AG, INC\CISSNE-RILEY\BANKRUPTCY\Adversary Proceeding-US Dist Ct\Trial\Settlement Pleadings\Judgment Civil Case Revised 071107.doc

SCHULTHEIS TABLER WALLACE  
P.O. BOX 876   56 C STREET N.W.  
EPHRATA, WASHINGTON 98823  
TELEPHONE (509) 754-5264  
FAX (509) 754-5835

Defendants, CHS Inc. and Fin-Ag, Inc., for entry of judgment only against Plaintiffs, Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, consistent with the parties' written stipulation and agreement on file herein; the court having considered said stipulation and agreement as well as the records and files herein; and, the court being otherwise fully advised in the premises, NOW, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all claims and causes of action by and on behalf of Plaintiffs, Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, not previously dismissed by the court's summary judgment order dated June 15, 2007 are dismissed, with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Fin-Ag, Inc., is awarded judgment against Plaintiffs, Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, jointly, severally, individually, and as to marital communities as follows:

1. Judgment in the sum of $30,201.50 together with prejudgment interest from May 11, 2004 to July 17, 2007, at a rate of 16% per annum in the sum of $15,384.88, for a total judgment of $45,586.38.

JUDGMENT IN A CIVIL CASE - 2
F:\Kim\CLIENTS\FIN-AG, INC\CISSNE-RILEY\BANKRUPTCY\Adversary Proceeding-US Dist Ct\Trial\Settlement Pleadings\Judgment Civil Case Revised 071107.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

2. Judgment in the sum of $1,884,345.66 together with prejudgment interest from May 11, 2004 to July 17, 2007, at a rate of 10% per annum in the sum of $599,894.12, for a total judgment of $2,484,239.78.

3. Judgment in the sum of $100,000.00 for reasonable attorney's fees incurred by Defendant, Fin-Ag, Inc., in these proceedings.

4. In the event Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, do not pay the judgment in favor of Fin-Ag, Inc. within 10 days of entry of this judgment or within 10 days of dismissal of Plaintiffs' pending Chapter 11 bankruptcy actions, whichever is later, Fin-Ag, Inc.'s security interests more specifically identified in its counterclaim on file herein shall be foreclosed, and the collateral described therein shall be sold at a foreclosure sale in the manner provided by law; and, the proceeds from said foreclosure sale shall be applied to said judgment, accrued interest, and such additional amounts as Fin-Ag, Inc. may advance for taxes, assessments, municipal charges, and such other items may constitute liens upon the collateral, together with insurance and repairs necessary to prevent the impairment of the collateral together with interest thereon from the date of payment;

5. If any deficiency remains after application of the proceeds from the foreclosure sales to the Fin-Ag, Inc. judgment, execution should be issued for any such deficiency against Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, and enforced against any other property of Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, not otherwise exempt from execution.

//

//

//

JUDGMENT IN A CIVIL CASE - 3
F:\Kim\CLIENTS\FIN-AG, INC\CISSNE-RILEY\BANKRUPTCY\Adversary Proceeding-US Dist Ct\Trial\Settlement Pleadings\Judgment Civil Case Revised 071107.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

6. Fin-Ag, Inc. shall be entitled to be a bidder and purchaser at any foreclosure sale and any purchaser at any foreclosure sale shall be entitled to immediate possession of the property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, CHS Inc., is awarded judgment against Plaintiffs, Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, jointly, severally, individually, and as to marital communities as follows:

1. Judgment in the sum of $276,964.88 together with prejudgment interest from April 30, 2004 to July 17, 2007, at a rate of 12% per annum in the sum of $106,801.65, for a total judgment of $383,766.53.

2. Judgment in the sum of $1,404,213.60 together with prejudgment interest from April 30, 2004 to July 17, 2007, at a rate of 12% per annum in the sum of $541,527.18, for a total judgment of $1,945,740.78.

3. Judgment in the sum of $656,574.32 together with prejudgment interest from April 30, 2004 to July 7, 2007, at a rate of 12% per annum in the sum of $253,203.78, for a total judgment of $909,778.10.

4. Judgment in the sum of $94,350.23 together with prejudgment interest from April 30, 2004 to July 17, 2007, at a rate of 12% per annum in the sum of $36,386.46, for a total judgment of $130,736.69.

5. Judgment in the sum of $52,173.69 together with prejudgment interest from April 30, 2004 to July 17, 2007, at a rate of 12% per annum in the sum of $20,116.95, for a total judgment of $72,290.64.

6. Judgment in the sum of $100,000.00 for reasonable attorney's fees incurred by Defendant, Fin-Ag, Inc., in these proceedings.

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

7. In the event Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, do not pay the judgment in favor of CHS within 10 days of entry of this judgment or within 10 days of dismissal of Plaintiffs' pending Chapter 11 bankruptcy actions, whichever is later, the real estate mortgage of CHS, Inc. more particularly identified in its counterclaim on file herein shall be foreclosed and the real estate sold at a foreclosure sale in the manner provided by law; and, the proceeds from said foreclosure sale should be applied to said judgment, accrued interest, and such additional amounts as CHS may advance for taxes, assessments, municipal charges, and such other items may constitute liens upon the collateral, together with insurance and repairs necessary to prevent the impairment of the collateral together with interest thereon from the date of payment.

8. If any deficiency remains after application of the proceeds from the foreclosure sales to the CHS judgment, execution should be issued for any such deficiency against Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC,, and enforced against any other property of Riley J. Cissne and Lora L. Cissne, husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time Potato Co., LLC, not otherwise exempt from execution.

9. CHS shall be entitled to be a bidder and purchaser at any foreclosure sale and any purchaser at any foreclosure sale shall be entitled to immediate possession of the property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the amounts awarded in this judgment shall bear interest at 12% per annum from the date of entry until paid in full.

//

//

JUDGMENT IN A CIVIL CASE - 5
F:\Kim\CLIENTS\FIN-AG, INC\CISSNE-RILEY\BANKRUPTCY\Adversary Proceeding-US Dist Ct\Trial\Settlement Pleadings\Judgment Civil Case Revised 071107.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

1  IT IS FURTHER ORDERED ADJUDGED AND DECREED that this
2  judgment is effective only as to Plaintiffs, Riley J. Cissne and Lora L. Cissne,
3
4  husband and wife, d/b/a Cissne Farms, Cissne Family, LLC, and Tater Time
5  Potato Co., LLC, and does not affect claims and causes of action of Plaintiffs,
6  Terry R. Cissne, and Cisstar, LLC, as against Defendants nor does it affect
7
8  Defendants' counterclaims as against Plaintiffs, Terry R. Cissne and Cisstar, LLC.
9  DATED this 17th day of July, 2007.

_____
Judge, Lonny R. Suko

28  JUDGMENT IN A CIVIL CASE - 6

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

1  Presented by:

2  SCHULTHEIS TABLER WALLACE

3

4  _____
   Michael Rex Tabler, WSBA #6047
5  Attorneys for CHS Inc. and Fin-Ag, Inc.
   P. O. Box 876
6  Ephrata, WA 98823
   (509) 754-5264
7

8  JEFFERS, DANIELSON, SONN &
      ALYWARD, P.S.
9

10

11 _____
   James M. Danielson, WSBA #01629
   Attorneys for Plaintiffs
12 P. O. Box 1688
   Wenatchee, WA 98807-1688
13 (509) 662-3685

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 JUDGMENT IN A CIVIL CASE - 7